IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ASHLEY CUNNINGHAM | § | |
| v. | § | CIVIL ACTION NO. 9:10-CV-148 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |

MEMORANDUM OPINION AND ORDER ON
PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT

On October 15, 2010, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying her application for Social Security benefits. The matter was referred to the undersigned for findings of fact, conclusions of law and recommendations for the disposition of pending motions pursuant to 28 U.S.C. § 636(b)(1).

*Background*

On July 16, 2012, the Court issued a Report and Recommendation that this Social Security action be reversed and remanded. No objection was filed. On July 31, 2012, the District Court issued an Order Adopting the Report and Recommendation, thereby reversing and remanding pursuant to sentence four of 42 U.S.C. § 405(g) of the Social Security Act, and entered Final Judgment.

Plaintiff now appears before the Court with her Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (docket entry #24). Based on the supporting exhibits and the Court's sentence four remand, Plaintiff asserts that she is the prevailing party for purposes of the EAJA and seeks a total of $10,837.46 for a total of 59.75 hours of attorney work performed in 2010, 2011 and 2012 combined, at the rate of $181.38 per hour for all three years. Plaintiff seeks no reimbursement for any costs or expenses. The Commissioner does not oppose the award of attorney fees in general, but does oppose the rate of $181.38 per hour for each of the three years and further opposes the number of hours requested, 59.75, as excessive. *See generally* Commissioner's Response (docket entry #26). Plaintiff has filed nothing in reply to the Commissioner's opposition.

The Commissioner also filed a Motion to Substitute Counsel (docket entry #25), seeking to terminate Special Assistant United States Attorney Patricio Noboa and substitute Special Assistant United States Attorney Michelle M. Montemayor in his place, on the basis that he is no longer with the agency. Plaintiff has filed no response.

### *Discussion*

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers" *Baker v. Bowen,* 839 F.2d 1075, 1083 (5th Cir.), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a prevailing party; that the Government's position was not substantially justified; that no special circumstances make an award unjust; and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Comm'r INS v. Jean,* 496 U.S. 154, 158 110 S. Ct. 2316, 110 L. Ed. 2d 134

(1990); *Murkeldove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (also noting the requirement that the claimant must "incur" attorney's fees); 28 U.S.C. § 2412(d)(1)(A), (B). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). With regard to the amount of fees, 28 U.S.C. § 2412(d)(2)(A) states:

> (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (I) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

A remand accomplished pursuant to the fourth sentence of 42 U.S.C. § 405(g) renders the claimant a prevailing party regardless of whether the claimant is successful in obtaining benefits on remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-01, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993). The Commissioner has the burden of proving that the position of the United States in this matter was "substantially justified" and has not done so here. *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986) (per curiam); *see also Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). In addition, the Commissioner has not shown special circumstances that would render an award unjust. Plaintiff's motion was on file and ripe for ruling within 30 days of the judgment becoming final, together with an itemized account. It is undisputed that Plaintiff actually incurred these fees by virtue of her agreement with her attorneys. *See* Pltf Brf at Exhibit F; *Murkeldove*, 635 F.3d at 791.

The hourly attorney fee sought by Plaintiff exceeds $125.00 per hour, requiring a finding that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff

asserts that the requested increase in the hourly fee is justified in this case due to increases in the cost of living as reflected by the Consumer Price Index. The Commissioner opposes both the methodology Plaintiff uses to arrive at the hourly rate requested of $181.38 per hour for each of the years 2010, 2011 and 2012, and the amount itself as excessive. Plaintiff used the Consumer Price Index for the "All Urban Consumers" database provided by the United States Department of Labor Statistics for the month of May 2011 in order to develop the requested $181.38 hourly rate. *See* Motion at 4-5 and n.2 and Ex. B. The Commissioner asserts that such an approach overstates the CPI reflected in the East Texas region and that the appropriate database to use is the South Urban CPI. Comm'r Response at 3. Further, the Commissioner asserts that the computation should be performed by year instead of using a single year, which "would be tantamount to awarding pre-judgment interest." *Id*. at 3-4. Whether that is specifically true or not, the Court agrees that a year-by-year approach is the better avenue. Using the South Urban CPI, the Commissioner computes the appropriate hourly rates by year as $173.34 for 2010; $179.31 for 2011; and $180.44 for 2012. *Id*. at 4. The Court entertains motions for EAJA-based fees in Social Security cases often and the amounts asserted do vary even within a given year. However, these amounts are within the range of hourly rates generally accepted by the Commissioner and approved by the Court. Plaintiff has not objected nor argued otherwise; accordingly, the Court finds these rates reasonable and approves them in this instance.

    Next, the Commissioner objects to the number of hours requested as excessive in light of the work performed. The attorney work in this case is split between 12.80 hours of supervising time by Attorney John M. Driskill and 46.95 hours of research and drafting time by Attorney Robert A. Billinglsey, for a total of 59.75 hours.

The biggest expenditure of time is 40.95 hours by Mr. Billingsley on researching and drafting Plaintiff's opening brief and 5.25 hours by Mr. Driskill on supervising said research and drafting. The Commissioner contends that expenditure is excessive. The Court agrees. First, the transcript record in this case is a total of 364 pages long. *See* docket entry #16. However, the medical portion of the record, which is cited as the primary focus of medical evidence research, constitutes only 132 pages of the record. *Id*. That is considerably smaller than the average medical evidence of record presented in a Social Security case in the Court's experience.

Second, the opening brief is not particularly lengthy and addresses only two issues:

(1) Substantial evidence does not support the ALJ's Step Three finding that Plaintiff does not meet or equal a Listing because the ALJ erroneously required a non-existent element of "traumatic brain injury" in his analysis of Listing 11.03 (Pltf Brf at 8); and (2) the ALJ's credibility finding is not supported by substantial evidence because the ALJ omitted Dr. Ramsey's treating medical source statement and copious notes documenting Plaintiff's history of migraines (*id*. at 13).

*See* Report and Recommendation (docket entry #19), at 7 (citing Plaintiff's opening brief and summarizing the issues). The second issue, which is the topic that won Plaintiff her remand, focuses on the ALJ's omission of discussion or recognition of a single opinion statement by Dr. Ramsey, which colored the ALJ's determination of credibility. That issue took about five and one-half pages to brief and less for the Court to decide on a "treating physician" type analysis. The Court found merit to address in the first issue also, but primarily because the issue of migraine headaches meeting or equaling the Listing for non-convulsive epilepsy has been addressed in recent court cases and not particularly on the specific issue as briefed. It was for that reason that the Court elected to recommend the issue be considered at the administrative level inasmuch as the case would be remanded on the credibility determination. That is not to say that the opening brief was not well-prepared and researched; it was and the proof is in the pudding - Plaintiff prevailed. However, the

5

Court agrees with the Commissioner that a total of 40.95 hours is excessive for the brief, even aside from the supervisory time claimed for Mr. Driskill. The Commissioner has pointed out examples of Eastern District cases in which similar issues were briefed with time claims on the order of 25 hours. *See* Comm'r Response at 8. The Commissioner therefore recommends allowing 25 hours for the opening brief. *Id*. at 9. As noted above, Plaintiff has not filed a reply to the Commissioner's position. Accordingly, the Court finds the recommendation reasonable and adopts it.

Finally, the Commissioner recommends reductions of 0.35 hours for ministerial work associated with a requested extension of time and 1.60 hours for work that should have been performed by clerical staff (*i.e.*, supervising filings) instead of an attorney. The Court also agrees with these reductions.

At bottom, the Commissioner recommends an award consisting of 2.6 hours at $173.34 per hour for 2010 ($450.68); 28.3 hours at $179.31 per hour for 2011( $6.867.57); and 1.85 hours at $180.44 per hour for 2012 ($333.81) for a total award of $7,652.06. Absent a contrary argument from Plaintiff, the Court finds such award reasonable and approves it.

Attorney's fees under the EAJA are properly payable to the party-litigant, not directly to the attorney. *See Astrue v. Ratliff*, - - - U.S. - - - -, 130 S. Ct. 2521, 2524, 2526, 177 L. Ed. 2d 91 (2010); *see also Murkeldove*, 635 F.3d at 788 n.2. In part, that is so to make fee payments subject to a Government offset to satisfy any pre-existing debt that the litigant may owe the United States. *Ratliff*, 130 S. Ct. at 2524. However, the Commissioner acknowledges that the check may be mailed to Plaintiff's counsel. The Court approves that approach.

After due consideration, in light of the foregoing, it is hereby

**ORDERED** that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (docket entry #24) is **GRANTED IN PART** and **DENIED IN PART**. The Commissioner is

hereby **ORDERED** to pay Plaintiff, via Plaintiff's counsel, for fees totaling $7,652.06 pursuant to the EAJA, 28 U.S.C. § 2412(d). It is further

**ORDERED** that the Commissioner's Motion to Substitute Counsel (docket entry #25) is hereby **GRANTED**.

So **ORDERED** and **SIGNED** this **30** day of **June, 2013.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE